IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIL GANDY, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 16-5126 |
| | : | |
| MS. SASHA REEDER, et al., | : | |
| Defendants | : | |

FILED
SEP 19 2017
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## MEMORANDUM

**STENGEL, C.J.**                                               September 19, 2017

Jamil Gandy brings this action before the court as a *pro se* plaintiff. The defendants have filed a motion to dismiss the complaint for failure to state a claim pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure. Mr. Gandy has responded. For the following reasons, I will grant the motion in its entirety, and dismiss the complaint.

## I. BACKGROUND[1]

Mr. Gandy began filing prison level grievances against Defendants Sasha Reeder and Ms. McKelvey as early as February 2015. In his various grievances, the plaintiff has asserted that Ms. Reeder and Ms. McKelvey have disclosed his personal medical condition and treatment to other individuals working in the prison dispensary, including other inmates. He further alleges that Defendant Reeder has repeatedly mocked him and

---

[1] The facts are gleaned from the complaint and any extrinsic documents upon which it is based. See GSC Partners, CDO Fund v. Washington, 368 F.3d 228, 236 (3d Cir. 2004). For the purposes of this motion, they are presented in the light most favorable to the Plaintiff, as the non-moving party, and are accepted as true with all reasonable inferences drawn in his favor.

called him a "loony toon" and a "loony crazy man." On other occasions, Ms. Reeder has allegedly told inmates, guards, and staff that when she looked into the plaintiff's eyes she could see that he was "still crazy." The plaintiff asserts in his complaint that the defendants' actions created hateful rumors about him which spread to his housing unit and among other inmates. He asserts that these rumors have caused others to treat him as though he is "contaminated." The plaintiff claims, without any further explanation or elaboration, that these actions may result in his "untimely death." The plaintiff alleges that the defendants' actions have caused him anxiety, harassment, embarrassment, and humiliation throughout the prison.

In response to the plaintiff's various grievances, Defendant Lt. G.S. Robinson investigated each claim. Each investigation concluded that because there was no evidence to support the plaintiff's various claims, they were denied as frivolous. The plaintiff asserts that these investigations were insufficient because he was never personally interviewed about the matter. The plaintiff has now turned to the judicial system for redress, asserting that the actions of the named defendants constitute violations of his Eighth Amendment rights and of his Fourteenth Amendment due process rights.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In

2

determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all plausible inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

A "complaint must allege facts suggestive of [the proscribed] conduct," Twombly, 550 U.S. at 564, and it must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

In assessing the merits of a motion to dismiss, courts must first identify those allegations in a complaint that are mere legal conclusions and are therefore not entitled to the assumption of truth, and next, consider whether the complaint's factual allegations, which *are* entitled to a presumption of truth, plausibly suggest an entitlement to relief. Id. at 680 (emphasis added).

### III. DISCUSSION

#### A. The Plaintiff's Eighth Amendment Claims

The defendants first argue that the plaintiff's complaint should be dismissed because it fails to state a plausible claim for a violation of his Eighth Amendment rights. The Eighth Amendment to the United States Constitution prohibits any punishment which violates civilized standards and concepts of humanity and decency. Estelle v.

Gamble, 429 U.S. 97, 102-03 (1976); Tillery v. Owens, 907 F.2d 418, 425-26 (3d Cir. 1990); Peterkin v. Jeffes, 855 F.2d 1021, 1023 (3d Cir. 1988). This standard imposes upon prison officials a duty to provide "humane conditions of confinement" and "the minimal civilized measure of life's necessities." Williams v. Armstrong, 566 Fed. Appx. 106, 109 (3d Cir. 2014) (citing Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 256 (3d Cir. 2010)). An inmate must prove both an objective element— that the deprivation was sufficiently serious, and a subjective element— that a prison official acted with "deliberate indifference." Young v. Quinlan, 960 F.2d 351, 359-60 (3d Cir. 1992) (citing Wilson v. Seiter, 501 U.S. 294, 299 (1991)).

Courts have found sufficiently serious deprivation where inmates are subject to inhumane prison conditions, including prolonged isolation in dehumanizing conditions, failure to provide adequate medical care, exposure to pervasive risks of physical assault, and unsanitary conditions. See Estelle, 429 U.S. at 104 (medical care); Hutto v. Finney, 437 U.S. 678, 685 (prolonged isolation in an unsanitary, overcrowded cell); Young, 960 F.2d at 365 (failure to adequately protect inmate from physical and sexual assaults and subsequently confining him to unsanitary living conditions); Tillery v. Owens, 907 F.2d at 425-26 (systemic overcrowding, pervasive violence, deficient medical, and mental health care).

The "deliberate indifference" prong requires that the defendants actually knew of and disregarded "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). The deliberate indifference standard, therefore, requires more than mere negligence or lack of due care for a prisoner's safety. Id. at 385. The deliberate

4

indifference standard is the equivalent of recklessness. Id. at 386. The Third Circuit Court of Appeals has found deliberate indifference when a prison official: knows of a prisoner's need for medical treatment and intentionally refuses to provide it; delays necessary medical treatment for a non-medical reason; prevents a prisoner from receiving needed or recommended medical treatment; or deliberate indifference to physical assaults on an individual by other inmates. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999); see also Young, 960 F.2d at 362.

Here, the factual allegations contained in the complaint do not describe a deprivation that is sufficiently serious to establish the first required element of an Eighth Amendment claim. They further do not raise a reasonable expectation that discovery will reveal evidence of those elements. The plaintiff asserts in his complaint that the defendants have called him names such as "loony toon" and "loony crazy man." He claims that the defendants' actions have resulted in unfavorable rumors being spread about him; that the defendants' conduct may trigger his "untimely death," but does not allege specific facts or explain further how or why that might occur; and that the defendants' actions have resulted in the plaintiff experiencing anxiety, harassment, embarrassment, and humiliation. While humiliation and mockery of inmates by corrections officers should not be tolerated and may be actionable under a different theory, the facts here simply do not rise to the level of depriving the plaintiff of the minimal civilized measure of life's necessities such as medical care, sanitary living conditions, and protection from physical assault. The deprivation the plaintiff claims is,

therefore, not sufficiently serious, and the first element is not met or suggested in the facts alleged in plaintiff's complaint.

The second prong, i.e., "deliberate indifference," is also not satisfied. A complaint must show that the defendants actually knew of and disregarded an excessive risk to inmate health or safety. Defendants Reeder and McKelvey have allegedly acted deliberately to mock and humiliate the plaintiff. They have been made aware that their actions cause the plaintiff anxiety, embarrassment, and humiliation through the plaintiff's many grievances and the subsequent investigations into their own conduct. Their conduct, however intentional, does not disregard an excessive risk to the plaintiff's health or safety. Ms. Reeder and Ms. McKelvey have not intentionally refused to provide the plaintiff his medical treatment, nor have they caused delay or prevented such treatment. They have not put the plaintiff at risk of physical harm from other inmates. While the defendants' mockery of the plaintiff does not reach such severity that this court can deny the defendants' motion to dismiss, their conduct is unnecessary, uncivil, and is not looked upon favorably by this court.

The plaintiff has failed to allege sufficient factual matter to state a claim under the protections of the Eighth Amendment of the United States Constitution. Accordingly, the defendants' motion to dismiss this claim is granted.

### B. Plaintiff's Fourteenth Amendment Claims

The defendants next argue that the plaintiff's complaint should be dismissed for failure to state a claim under the Fourteenth Amendment against Defendant Robinson. The complaint alleges that Defendant Robinson failed to conduct a concise investigation

6

of the plaintiff's grievance regarding the conduct of Defendants Reeder and McKelvey, which the plaintiff argues constitutes a violation of his Fourteenth Amendment due process rights.

Lawful incarceration brings about necessary withdrawal or limitation of many privileges and rights. Jones v. North Carolina Prisoner's Labor Union, Inc., 433 U.S. 119, 125 (1977). Although prisoners do not shed all constitutional rights at the prison gate, access to prison grievance procedures is not a constitutionally mandated right. See Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner."); Hoover v. Watson, 886 F. Supp. 410, 418 (D. Del. 1995), aff'd, 74 F.3d 1226 (3d Cir. 1995) (holding that if a state elects to provide a grievance mechanism, violations of its procedures do not give rise to a § 1983 claim). A prisoner's constitutional right to petition the government for redress of grievances is the right of access to the courts, "which is not compromised by the prison's refusal to entertain his grievance." Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991).

The plaintiff's allegations against Defendant Robinson relate to the manner in which Defendant Robinson handled his grievances regarding the conduct of Defendants Reeder and McKelvey. The plaintiff takes issue with the manner in which the investigations were conducted and asserts that therefore, his Fourteenth Amendment due process rights have been violated. However, if a state elects to provide prisoners with prison grievance procedures, violations of those procedures do not give rise to a due

process violation. Access to prison grievance procedures is not constitutionally mandated. Accordingly, I will also grant the defendants' motion to dismiss this claim.

In conclusion, while a *pro se* plaintiff should be afforded an opportunity to amend his complaint before the complaint is dismissed with prejudice, I believe granting Mr. Gandy leave to amend would be futile. The conduct of Defendants Reeder and McKelvey towards the plaintiff, while distasteful, is not serious enough to trigger the protections of the Eighth Amendment. The allegedly improper investigations of the plaintiff's grievances conducted by Defendant Robinson cannot give rise to a due process violation because access to prison grievance procedures is not constitutionally mandated. Thus, an amendment would be futile, a waste of judicial resources, and unfair to the defendants. No amendment will be permitted. I will dismiss this case with prejudice.

An appropriate Order follows.